**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BALFOUR BEATTY
INFRASTRUCTURE, INC.,

    Plaintiff,

v.                                        Case No. 6:16-mc-52-Orl-37GJK

PB&A, INC.,

    Defendant.

**ORDER**

This cause is before the Court on the following matters:

(1) Defendant/Counterclaimant PB&A, Inc.'s Motion to Compel Non-Party Martin Hild, P.A. to Produce Documents (Doc. 1), filed October 28, 2016;

(2) Martin Hild, P.A.'s Response in Opposition to PB&A, Inc.'s Motion to Compel Non-Party Martin Hild, P.A. to Produce Documents (Doc. 12), filed November 14, 2016;

(3) Order of U.S. Magistrate Judge Gregory J. Kelly (Doc. 17), filed November 30, 2016;

(4) Martin Hild, P.A.'s Limited Objection to the November 30, 2016 Order (Doc. No. 17), or Alternatively Request that the Court Deem Martin Hild's Production to Comply with the November 30, 2016 Order (Doc. 18), filed December 14, 2016; and

(5) PB&A, Inc.'s Response Brief in Opposition to Martin Hild, P.A.'s Objection to the Magistrate's Order Granting PB&A's Motion to Compel (Doc. 23), filed January 6, 2016.

## BACKGROUND

On **November 30, 2016**, U.S. Magistrate Judge Gregory J. Kelly ("**Judge Kelly**") entered an Order (*see* Doc. 17 ("**Order**")), which resolved two motions filed by PB&A, Inc. ("**PB&A**") and opposed by Martin Hild, P.A. ("**MHPA**"))—a Motion to Transfer (Doc. 2 ("**Transfer Motion**")) and a Motion to Compel MHPA to Produce Documents (Doc. 1 ("**Motion to Compel**")) in compliance with an amended non-party subpoena issued by this Court on **July 26, 2016** (Doc. 1-19 ("**Subpoena**")). In his Order, Judge Kelly: (1) denied the Transfer Motion; (2) withheld ruling on attorney-client privilege and work product objections pending MHPA's production of a privilege log; (3) overruled MHPA's remaining objections; (4) directed MHPA to—on or before **December 14, 2016**—produce all responsive, non-privileged documents and serve PB&A "with a privilege log" if it "withholds any responsive documents on the basis of privilege"; and (5) denied PB&A's request for an award of attorney's fees. (*See* Doc. 17.)

On **December 14, 2016**, MHPA produced documents and a privilege log to PB&A and filed a "Limited" objections to the Order (Doc. 18 ("**Objections**")). (*See* Doc. 18-1, ¶¶ 7, 8, 9, 11, 14, 15.) PB&A filed a timely response (Doc. 23 ("**Response**")), and the matter is now ripe for adjudication.

## LEGAL STANDARDS

**I.   Subpoenas**

A subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides" or regularly transacts business. *See* Fed. R. Civ. P. 45(c)(2)(A); *see also* Fed. R. Civ. P. 45(e)(1)(A). The recipient of a subpoena may serve "a written objection"

2

to the production of requested documents.[1] *See* Fed. R. Civ. P. 45(d)(2)(B). The recipient also may file a "timely motion" to "quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden."[2] *See* Fed. R. Civ. P. 45(d)(3)(A). The serving party also "may move the court for the district where compliance is required for an order compelling production or inspection." *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

## II.     Review of Magistrate Judge's Order

Motions to enforce or quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45 are non-dispositive pretrial matters properly resolved by a magistrate judge on referral by a district court judge. *See* 28 U.S.C. 636(b)(1)(A). After a magistrate judge issues an order, either party may timely serve and file objections, which must be considered by a district court judge who may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a).

A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *See TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326 (M.D. Fla. 2011)); *see also Sergeeva v. Tripleton Int'l. Ltd.*, 834 F.3d 1194, 1198 (11th Cir. 2016). Such orders are "clearly erroneous" when, on review of "the entire evidence" presented to the magistrate judge, the district

---

[1] If the recipient withholds documents under a claims of work product or privilege must: "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangivle things in a manner that . . . will enable the parties to assess the claim." *See* Fed. R. Civ. P. 45(e)(2)(A).

[2] Those who issue and serve subpoenas must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and courts must enforce this duty. *See* Fed. R. Civ. P. 45(d)(1).

court "is left with the definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948); *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011) (overruling objections which merely restated arguments asserted in response to motion); *see also Cincinnati Ins. Co. v. Cochran*, 198 F. App'x 831, 832–33 (11th Cir. 2006) (finding that the district court did not abuse its discretion in refusing to consider evidence that was not before magistrate judge).

## DISCUSSION

On **July 26, 2016**, PB&A served MHPA with the Subpoena, which included six requests for documents related to its judicial estoppel defense ("**Defense**") in a lawsuit filed by Balfour Beatty Infrastructure, Inc. ("**BBII**") in the U.S. District Court for the Northern District of California, San Francisco Division ("**California Court**"))—*Balfour Beatty Infrastructure, Inc. v. PB&A, Inc.*, Case No. 3:16-cv-01152-WHO ("**Underlying Action**"). (*See* Docs. 1, 12, 17.) MHPA are the attorneys for BBII in the Underlying Action and other proceedings related to a large construction project in San Francisco, California ("**Project**"). The fourth request of the Subpoena sought all "non-privileged documents prepared by [MHPA] in connection with" certain legal proceedings related to the Project ("**California Proceedings**"), "which referred to, relied upon or discussed the design prepared by PB&A in connection with" the Project. (Doc. 1-19, p. 6 ("**Fourth Request**").)

In correspondence dated **August 3, 2016**, MHPA objected that the Subpoena "is harassing in nature" and reflects PB&A's improper attempt to "place an unnecessary and costly burden" on MHPA "by conducting a 'fishing expedition' for information that has no reasonable expectation of yielding any relevant documents, not already in PB&A's

possession, or which will not be produced through other means." (Doc. 1-20 ("**August Correspondence**").) MHPA further objected that the Fourth Request "will be addressed in the already pending request for production served on" BBII in the Underlying Action. (*See id.*) MHPA did not produce a privilege log, and it did not file a motion to quash or modify the Subpoena pursuant to Rule 45(d)(3)(A)(iv).

On **October 28, 2016**, PB&A filed its detailed Motion to Compel and evidentiary materials in support. (*See* Doc. 1; Doc. 1-1—1-22.)  PB&A explained that the Fourth Request seeks documents necessary to "fully understand the context of [MHPA's] interactions with PB&A and whether PB&A and BBII were functioning as [MHPA's] joint clients for purposes of [the California Proceedings]." (*See* Doc. 1, p. 11.) PB&A also argued that it was likely that MHPA "retained different documents than BBII" and must produce its set of responsive documents "regardless of what BBII does or does not provide." (*See id.*)

In its timely Response, MHPA reiterated its objection that the Subpoena reflected a "fishing expedition for information that has no reasonable expectation of yielding any relevant documents, not already in PB&A's possession, or which have not already been produced by BBII directly." (Doc. 12, p. 2 (asserting that the Subpoena "is harassing in nature because it attempts to place an unnecessary and costly burden" on MHPA).) Citing Rule 45(d)(3), MHPA further argued that the "burden of producing" the documents sought in the Fourth Request "is undue because PB&A already has in its possession the documents responsive to these requests." (*See id.* at 7.) In the single declaration filed in support of the Response, a principal of MHPA simply summarized the production made to PB&A by BBII in the Underlying Action. (*See* Doc. 12-1.) MHPA did not provide any

details or estimations concerning the efforts necessary to actually comply with the Subpoena. (*See id.*)

In the Order, Judge Kelly overruled MHPA's objection that it faced an undue burden in responding to the Subpoena, and he directed MHPA to produce all non-privileged documents that are responsive to the Subpoena—including the Fourth Request. (*See* Doc. 17, p. 6 (noting that PB&A's "alleged possession of the documents is not a legitimate basis for refusing to produce the documents); *see also* Doc. 18, p. 2.) MHPA asserts a "limited objection" to Judge Kelly's Order overruling MHPA's objection to the Subpoena on the basis of undue burden (but only as it pertains to [Fourth Request])."[3] (*See* Doc. 18, p. 2.) PB&A argues that the Court should overrule this limited objection because the Order "was not clearly erroneous or contrary to law." (Doc. 23, p. 2.)

Upon review, the Court agrees with PB&A. In its Objections, MHPA does not even acknowledge the appropriate standard of review. (*See* Doc. 17.) Further, the Objections advance arguments and facts that were not raised in the Response or otherwise provided to Judge Kelly. (*See* Doc. 18-1.) MHPA does not contend that such facts were unavailable

---

[3] MHPA further argues that the Court "must quash or modify" the Fourth Request because: (1) MHPA produced four categories of documents that it identified as responsive to the Fourth Request, including documents submitted in the California Proceedings and one letter drafted by MHPA; (2) any additional responsive documents—which MHPA does not believe exists—would not advance PB&A's Defense; (3) confirming that additional responsive documents do not exist "would require a page by page review of more than 300,000 documents in the project file . . . [and] more than 111,000 emails" ("**Review**"); and (4) such an "immense" Review is "unnecessary" and "undue." (*See* Doc. 18 (citing Fed. R. Civ. P. 45(d)(3)(A)).) In support of its assertions concerning anticipated compliance efforts, MHPA filed a new declaration from attorney Ricky L. Johnson, Jr. (Doc. 18-1 ("**Johnson Declaration**")). This declaration identified the affiant as Gregory S. Martin, Esq., a likely scrivener's error.

to it when it filed the Response. (*See* Doc. 18.) Thus, the Court declines to consider such materials. *See Cincinnati Ins. Co.*, 198 F. App'x at 832–33; *Hope for Families & Comty. Serv., Inc. v. Warren*, No. 3:06-cv-1113-WKW, 2009 WL 1066524, at *3 (M.D. Ala. April 29, 2009); *see also Papapanos v. Lufthansa German Airlines*, No. 94-2667CIVMARCUS, 1996 WL 33155438, at *11–*12 (S.D. Fla. Apr. 16, 1996); *Mitchell v. Consol. Freightways Corp. of Del.*, 747 F. Supp. 1446, 1447 (M.D. Fla. 1990). MHPA's Objections are due to be overruled and the Order is due to be affirmed.

## CONCLUSIONS

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Martin Hild, P.A.'s Limited Objection to the November 30, 2016 Order (Doc. No. 17), or Alternatively Request that the Court Deem Martin Hild's Production to Comply with the November 30, 2016 Order (Doc. 18) is **OVERRULED**.

(2) The Order of U.S. Magistrate Judge Gregory J. Kelly (Doc. 17) is **AFFIRMED**.

(3) Martin Hild, P.A. is directed to produce all responsive documents by January 23, 2017.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 12, 2017.

ROY B. DALTON JR.
United States District Judge

7

Copies:

Counsel of Record